## McELRATH v LUARDE

Common Pleas Court, Trumbull Co

No 41159. Decided May 26, 1939

George Buchwalter, of Warren, for plaintiff.

Wm. E. Pfau, of Youngstown, for defendant.

## OPINION

By McVICKER, J.

At this time the court will pass on the demurrer to the opening statement of counsel for the plaintiff.

Briefly in the opening statement counsel stated that the evidence would show that an automobile was turned over to Mr. Perry by the defendants in this case, Luarde Motor Sales Company for the purpose of demonstration. or trial. Mr. Perry took the automobile home and later the same day was in the automobile which was being driven by his son Tony when the collision occurred which is the basis of this action. Now the question is of course, does that state a cause of action against the defendant, and is there any liability on the part of the defendant for negligence of the driver Tony or his father Mr. Perry.

I am going to take more time and go into the authorities a little more extensively in this opinion than usual because of the fact that counsel has stated and the court finds it to be a fact that so far as we know this is the first time this question has arisen in this state.

The reported decisions in the courts of last resort in various states appear uniformly to hold as in the case of Mosby v Kimball, 345 Illinois 420; also found in 178 N. E. 66 that the general rule to which master and servant and principal and agent cases are exceptions is that one injured by another's negligence must seek remedy against the person causing the injury. Servant's or agent's negligence is imputable to master or principal. To make master or principal liable for servant's or agent's negligence master and servant or principal and agent relation must be shown to exist between person at fault and one sought to be charged at time and in respect to particular transaction involved.

Owner is not liable for negligence of another whom he permits to operate an automobile unless operator, in operating an automobile, is owner's servant or agent.

The owner is held not liable for negligence of prospective purchaser's representatives, permitted by owner's salesman to drive automobile for demonstration purposes.

Agency is defined in **Vol. 1 O. Jur., page 614**, as follows:

"Agency has been defined as a contract, express or implied, by which one of the parties confided to the other the management of some business to be transacted in his name, or on his account, by which that other assumes to do the business and to render an account of it. The act is supposed to be done by command and in accordance with the will of the principal or employer and to have the same binding effect for and upon him as if transacted by himself in person. The agent is a substitute for or representative of the principal. He is to act in place and instead of the principal. The relation contemplates dealings by the agent with third persons."

And at page 817, same volume.

"The theory of the liability of a principal for the tortious conduct of his agent is founded on the superintendence and control which he is supposed to exercise over the agent, upon the power and control which the superior has a right to exercise and which he is bound to exercise, in strict analogy to the liability ex contractu.

"The law holds the master liable for what the servant does or omits in conducting the master's business, because the master has voluntarily substituted the management and supervision of the servant for his own.

"The act of the servant or agent done within the scope and in the exercise of his employment is in law the act of the principal."

Now the definition of bailment is found in 5 O. Jur. p. 89. This is the definition that was announced in the decision 20 N. P. (N.S.), 587.

"A bailment is defined as 'A delivery of something of a personal nature by one party to another, to be held according to the purpose or object of the delivery, and, to be returned or delivered over when that purpose is accomplished'."

Now it is conceded by counsel for the plaintiff that the great weight of authority is against his claim of liability on the part of the defendant in this case, but he relies on several cases to take this case out of the general rules. He relies upon the case of Wooding v Thom, which is found in 132 New York Supplement page 50, and 20 A. L. R. at 195. Now that case can be distinguished from the case at bar in that in the Wooding v Thom case the representative of the owner was sent by the owner to demonstrate this car, or in the language of the decision,

"The owner of an automobile who wished to sell it sent his chauffeur to demonstrate it, and the latter permitted an employee of a prospective purchaser to drive it, the owner was held liable for an injury caused to a pedestrian by the negligent operation of the car by the employee of the prospective purchaser. The court said: 'In the present case the master's business upon which Simmons was engaged was demonstrating the capabilities of the car with a view to commending it to a possible purchaser. The evidence clearly shows that the act of Simmons, who was in sole control, in permitting Eglit to drive the car, was because he, Simmons, conceived that to be a good way to demonstrate the quality of the car. It was an act performed in furtherance of his employment'."

In other words, that is a case where a representative of the owner took the car out and while he had it out he permitted or turned it over to an employee of the prospective purchaser and had him drive it. That was an act by an agent of the owner.

Now the case in 48 N. Y. 255, also cited by counsel is not determinative of the instant case. It is just a general statement of the test of the master's responsibility and in that case it is not whether such an act was done according to the instruction of the master or servant or whether it was done in pursurance of the business that the servant was employed by the master to do. Then of course that is just a general statement of the law with which we are all familiar.

Now the plaintiff relies upon the case of **Rosie Carr v The A. G. Birrell Company**, decided by the Court of Appeals of this district, opinion by Judge Pollock Sept. 13, 1933. A study of that case shows that it can be distinguished from the case at bar. It is not decisive of the case which we have under consideration. In fact, Judge Pollock himself, in deciding the case, distinguished it from a case of this kind.

Judge Pollock in his opinion on page 9 says:

"Our attention has been called to a number of cases by the defendant where a salesman or the owner of the busi-

ness, either one, gave a prospective purchaser a car he was looking at with a view of purchasing, to drive it in order to let his wife see the car and the prospective purchaser took his wife for a ride, it was held that: The owner of the car is not liable for the negligence of the prospective purchaser."

That was a case where the owner of the car permits a prospective purchaser who wished to try the car have it to drive home to let someone see it and get their opinion about the car, or to see whether his wife was satisfied with the car, and the injury occurred by the negligent act of the party, the owner of the car, (the seller of the car) is not liable."

Of course that is the case we have under consideration exactly. And then Judge Pollock continues and says:

"But there is also another line of cases, (clearly distinguishing this case from the nature of the cases which he now refers to) where the selling agent permits a prospective purchaser to drive the car, the agent permits the prospective purchaser to drive the car, the agent rides in the car in the rear, if there is an accident, the owner of the car is liable for the negligence of the party then driving."

And by the great weight of the authorities that is true, that where a prospective purchaser takes the car out for the purpose of trial or demonstration and is accompanied by a responsible agent from the sales agency, and whether the agent himself drives or the prospective purchaser drives under his supervision, the sales agency is liable for any negligence. But in all of these cases there is some representative from the sales agency in the car.

And to further show that Judge Pollock distinguished the case he was deciding from the kind of case that we have under consideration, we find on page 12 of his opinion:

"It is said by the defense that no case can be found where the agent permits a person expecting to buy an automobile to drive the car and the prospective purchaser takes someone for a ride and there is an accident while he is driving the car that the owner of the car is liable."

Judge Pollock continues:

"But the instant case is different from such cases."

Clearly showing that he distinguished this case from the kind we have under consideration. And this describes the Carr case.

"But the instant case is different from such cases. In this case Mr. Partridge invited Miss Carr and the others to take a ride in the car and told Miss Carr to drive. Partridge was doing that in the furtherance of the master's business upon the expectation that Miss Carr and the others were to approve of this car and use their influence to induce Tom Carr to purchase this automobile. Undoubtedly from the evidence Mr. Partridge had a right to do that. And if there had been an accident, the Birrell Company would have been liable. He told Mr. Carr to get in the automobile and drive it. An accident occurred caused by the negligence of Carr."

In other words, the sales agency itself invited Miss Carr and the other lady in the party to take a ride in that automobile and they were his guests. He invited them and upon his invitation they took a ride and then, instead of driving the car himself, to take this ride, he asked Mr. Carr to drive, and Judge Pollock holds that that was simply a case where a man invites some people to take an automobile ride and then instead of driving the car himself he asks someone else to do it. And under these circumstances, it is his holding that the negligence of the driver would be imputed or the master held liable for the negligence

simply because he is doing something in furtherance of the master's business, that he was requested to do.

And I am of the opinion that the case is clearly distinguishable from the case at bar.

Now in conclusion I wish to refer to the case of Beaudoin v Mahaney, Inc., 131 Maine, page 118, also found in Atlantic 159, page 567, decided in 1932 as decisive in this case, and I am quite willing to adopt the language of that report as my own in disposing of this demurrer.

"It seems to be well settled that the negligence of a prospective purchaser of an automobile driving it for purposes of trial and unaccompanied by any representative of the owner is not imputable to the owner of a car who has permitted him so to operate it. Control of it has been surrendered and the relationship of principal and agent has not been established between the parties who are rather in the respective positions of bailor and bailee."

And this decision is supported by a large number of other authorities.

So it is the holding of this court in respect to this demurrer that the opening statement of counsel does not show that the car was being operated by any agent of the defendant, the Luarde Motor Company, and that instead of the relationship of master and servant or principal and agent existing between the Luarde Motor Car Company and the driver of the automobile, the relationship of bailor and bailee existed. And if there was any negligence on the part of the bailee, the bailor, or in this case the defendant, is not answerable for that negligence. And for the reasons already given, the demurrer must be sustained and the petition dismissed.