**MERCHANTS FIRE INSURANCE COMPANY, Plaintiff-Appellee, v. JACKSON et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 4822. Decided February 27, 1953.

Isaac & Postlewaite, Sol Morton Isaac, of Counsel, Columbus, for plaintiff-appellee.

Wiles & Doucher, Columbus, Jack R. Alton, of Counsel, for defendant-appellant, Wile Motor Sales, Inc.

**OPINION**

By MILLER, J.

This is a law appeal from the judgment of the Municipal Court of Columbus rendered in favor of the plaintiff-appellee upon its subrogation contract for damages arising out of an automobile collision. The petition sets forth a cause of action against three defendants, two of whom were dismissed by the trial court and since no cross-appeal has been taken to this ruling, further consideration need not be given to that.

The judgment was rendered against the appellant, the Wile Motor Sales, Inc., upon the doctrine of respondeat superior.

The record reveals that the appellant is engaged in the business of selling new and used automobiles and it requires salesmen to buy demonstrators which they are to use in their business from four to six months and then to be sold. The defendant Motor Sales Company had a salesman by the name of Larry Ashbury who had such a demonstrator car for sale. He had a purchaser by the name of Jackson who drove his car to defendant's place of business for the purpose of completing the deal for the Ashbury car. It was then discovered that Jackson needed an additional $50.00 to complete the transaction. Ashbury permitted Jackson to drive the car being purchased, to his brother's home to see if he would advance him the additional money. His brother refused and he tried several other places unsuccessfully. Upon the return trip the collision occurred, the damages for which the judgment was rendered. The appellant well states the question presented as follows: Is a motor vehicle agency liable for the negligence of a purchaser in operating one of its or its salesmen's cars when the purchaser is attempting to raise money to purchase the car? We have examined the entire record and find nothing there to support the conclusion that an agency relationship existed. The appellee urges that Jackson went for the money upon the express order of Ashbury, but we do not so interpret the testimony. On this question Jackson testified on page 13 of the record as follows:

"Q. 59. You did see Mr. Ashbury, is that right? A. I saw Mr. Ashbury.

"Q. 60. Go ahead from there. A. And so Mr. Ashbury got the papers that had been completed on the transaction and told me to—that I would have to have fifty dollars more in order to close the transaction. And so—so I told him that I didn't know whether I could get the fifty dollars or not, so I would just wait until the first of the week; this was on a Friday, and since it was closing time, I would wait until the first of the week and go out, and come back the first of the

week with the money if I was able to get it. And so Mr. Ashbury asked me if I would like to go out and see if my brother would let me have it, and of course I told him I would. And he offered me his car, and I took the car. And as I was starting out, that's when the accident occurred on Mount Vernon and Jefferson Avenue."

We think under the facts presented no control of the automobile was retained by this appellant and therefore there can be no liability. The facts in the case of **McElrath v. Luarde, 33 Abs 279,** seem to be somewhat parallel with the case at bar, the first paragraph of the syllabus of which provides:

"1. The negligence of the son of a prospective purchaser of an automobile while driving it for purposes of trial unaccompanied by any representative of the owner is not imputable to the owner who has permitted him so to operate it, since control of the car has been surrendered, and the relationship existing is that of bailor and bailee, not principal and agent."

See also **Schreiber v. Universal Car Co., 60 Oh Ap 263; Dahnke v. Meggitt, 63 Oh Ap 252.**

We are of the opinion that the trial court erred in overruling the appellant's motion to dismiss the case at the close of all of the evidence. The judgment is reversed and cause ordered remanded with instructions that judgment be entered in favor of the Wile Motor Sales, Inc., appellant.

WISEMAN, PJ, and HORNBECK, J, concur.